# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

ROBERTO BECERRA,

    Plaintiff,

v.                                                                           Civ. No. 17-817 GJF

NANCY A. BERRYHILL, *Acting Commissioner of the Social Security Administration*,

    Defendant.

## ORDER

THIS MATTER is before the Court upon Plaintiff's "Motion for Reconsideration" [ECF No. 30] and its accompanying "Memorandum in Support of Consideration [sic]" [ECF No. 29], which the Court will collectively refer to as "the Motion." The Motion is fully briefed. *See* ECF No. 31 (Commissioner's Response); ECF No. 33 (Plaintiff's Reply).

A motion for reconsideration under Rule 59(e) is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* at 1012. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citation omitted). A district court has considerable discretion in ruling on a motion to reconsider. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Filed shortly after the Court in a lengthy order [ECF No. 27] denied Plaintiff's underlying Social Security appeal, the Motion alleges that the Court erred in doing so in no less than *twenty-four* separate ways. The Court has thoroughly reviewed the briefing on the Motion and has also revisited its underlying order, all to ascertain whether it committed "clear error" or wrought a "manifest injustice," as those terms are contemplated in Federal Rule of Civil Procedure 59(e). Having now done so, the Court believes that the vast majority of the errors it is alleged to have made are simply repetitions or variations of the same arguments that the Court resolved in its original order. To the extent that the Motion raises *new* issues not fairly raised in the underlying appeal, the Court considers them to be waived and will not address them. *See Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993) ("Rule 59(e) cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." (citation omitted)). Finally, and in every respect, the Court remains convinced that its original order faithfully and searchingly applied the "deferential appellate standard" that the Tenth Circuit requires for appeals of the decisions of Social Security administrative law judges. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). Although it is clear that Plaintiff prefers not to turn to the United States Court of Appeals for the Tenth Circuit,[1] he will have to do so to seek relief from this Court's order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration [ECF No. 30] is **DENIED.**

                                                                                        THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[1] *See* Pl.'s Reply 9 (Plaintiff "requests that this Court spare him the undue burden of filing an appeal with the Tenth Circuit Court of Appeals").